IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JUDY RALPH, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE SERVICES, LLC, <br> d/b/a CAPITAL ONE AUTO <br> FINANCING, a Florida limited <br> liability company, <br><br> Defendant. | CIVIL ACTION NO.: <br> _____ |

## CAPITAL ONE SERVICES, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant identified in the Complaint as Capital One Services, LLC d/b/a Capital One Auto Financing ("COSLLC") hereby gives notice of the removal of this action from the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, stating as follows:[1]

### I. INTRODUCTION

1. Plaintiff Judy Ralph ("Plaintiff") commenced this action on June 5, 2015 by filing a Verified Complaint in the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case Number 2015-004172-CO, naming "Capital One Auto Financing USA, LLC, a Florida limited liability company," as defendant.

---

[1] Nothing in this Notice of Removal should be in any way construed as an admission by COSLLC that Plaintiff's claims have any merit whatsoever.

25327508 v1

2. On August 26, 2015, Plaintiff filed an Amended Verified Complaint which removed Capital One Auto Financing USA, LLC as a defendant and instead named COSLLC as defendant. Thus, COSLLC is the only remaining defendant in this litigation. A true and correct copy of the entire state court file, including all pleadings, process, and orders served on COSLLC, is attached to this Notice of Removal as Exhibit "1."

3. The Complaint purports to assert four (4) causes of action against COSLLC, including: (i) violation of the Florida Consumer Collection Practices Act ("FCCPA"), Florida Stat. § 559.72(9); (ii) violation of the FCCPA, Florida Stat. §559.72(15); (iii) violation the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A); and (iv) declaratory and injunctive relief. (*See generally* Doc. 1-1, Am. Compl.)

4. As support for these causes of action, Plaintiff alleges COSLLC made calls to Plaintiff beginning in October 2013 in an attempt to collect a debt which Plaintiff contends she does not owe. (*See* Compl. ¶¶ 14-34.) Plaintiff contends she has never had an account with COSLLC and has never provided COSLLC with consent to contact her on her cellular telephone number. (*See id.* at ¶¶ 15-16.) As a result of these purportedly wrongful collection calls, Plaintiff contends she is entitled to statutory damages under the FCCPA and TCPA, injunctive relief, and attorneys' fees and costs in an amount not to exceed $15,000. (*See id.* at ¶ 1 and "PRAYER FOR RELIEF.")

5. COSLLC was served with the Summons and Verified Amended Complaint on September 16, 2015. As such, this Notice of Removal is timely under 28 U.S.C. § 1446.

6. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1441 and 1446 because the lawsuit places at issue a cause of action asserted against COSLLC arising under federal law, specifically, the TCPA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II. ARGUMENT AND CITATION TO LEGAL AUTHORITY

### A. Federal Question Jurisdiction Exists Over This Action.

7. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

8. Plaintiff's Complaint purports to allege that COSLLC violated the TCPA. (Am. Compl. ¶¶ 54-57.) Claims asserted pursuant to the TCPA arise under federal law, and thereby confer federal question jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753, 181 L.Ed.2d 881 (2012) (holding that the Eleventh Circuit Court of Appeals erred in dismissing Plaintiff's TCPA claims for lack of subject matter

jurisdiction because federal courts have § 1331 jurisdiction over claims that arise under federal law and the plaintiff's TCPA claims arose under federal law); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014) (noting the existence of federal question jurisdiction over plaintiff's TCPA claim); *Speidel v. Am. Honda Fin. Corp.*, No. 2:14-CV-19-FTM-38CM, 2014 WL 820703, at *2 (M.D. Fla. Mar. 3, 2014) ("[T]he Court has federal question subject matter jurisdiction over Plaintiffs claims arising under the TCPA. . . .").

9. Accordingly, because Plaintiff has asserted a claim arising under, and for alleged violation of, federal law, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b).

**B.  Supplemental Jurisdiction Exists Over Plaintiff's Remaining Claims.**

10. This Court should exercise supplemental jurisdiction over Plaintiff's state-law FCCPA and declaratory and injunctive relief claims because they form part of the same case and controversy as Plaintiff's alleged TCPA violations. *See* 28 U.S.C. § 1367(a). Specifically, Plaintiff's state law claims arise from the same set of operative facts which serve as the basis for Plaintiff's TCPA claim, *i.e.,* COSLLC's purported wrongful collection calls to Plaintiff. (*See* Am. Compl. ¶¶ 12-45.)

11. Accordingly, the state-law claims are related to Plaintiff's federal-question claim, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a). *See Speidel*, 2014 WL 820703, at *2 (exercising supplemental jurisdiction over state law claims arising from the same debt collection practices giving rise to plaintiff's TCPA claims).

### III. PROCEDURAL REQUIREMENTS

12. No prior application has been made for the relief requested herein.

13. The United States District Court for the Middle District of Florida, Tampa Division, is the district and division embracing the place where this action was pending in state court. 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal, will be filed with the Clerk of the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

15. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

### IV. ADOPTION AND RESERVATION OF DEFENSES

16. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of COSLLC's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fla. R. Civ. P. 1.110 or Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

17. In the event that remand is sought by Plaintiff or otherwise visited by this Court, COSLLC respectfully requests that this Court allow it an opportunity to further

brief this matter and submit additional evidence and/or argument in support of this removal.

## V. CONCLUSION

WHEREFORE, Defendant identified in the Complaint as Capital One Services, LLC d/b/a Capital One Auto Financing, prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: October 6, 2015.

Respectfully submitted,

*Rachel B. Cash*
Joshua H. Threadcraft (FL Bar No. 96153)
Rachel B. Cash (FL Bar No. 114052)
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
Email: jthreadcraft@burr.com
        rcash@burr.com

ATTORNEYS FOR DEFENDANT IDENTIFIED IN THE COMPLAINT AS CAPITAL ONE SERVICES, LLC, D/B/A CAPITAL ONE AUTO FINANCING

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2015, I caused a copy of the foregoing to be mailed to the Clerk of Court via Federal Express overnight delivery and that I caused a copy of the foregoing to be served first class U.S. Mail, postage prepaid as designated below:

Ian R. Leavengood, Esq.
Aaron M. Swift, Esq.
Sara J. Weiss, Esq.
Gregory H. Lercher, Esq.
LEAVENLAW
3900 First Street North, Suite 100
St. Petersburg, FL 33703

/s/ Rachel B. Cash
Joshua H. Threadcraft (FL Bar No. 96153)
Rachel B. Cash (FL Bar No. 114052)
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
Email: jthreadcraft@burr.com
rcash@burr.com

ATTORNEYS FOR DEFENDANT IDENTIFIED IN THE COMPLAINT AS CAPITAL ONE SERVICES, LLC, D/B/A CAPITAL ONE AUTO FINANCING