IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JUDY RALPH,
an individual,

        Case No.: 15-004172-CO

    Plaintiff,

v.

CAPITAL ONE SERVICES, LLC, d/b/a
CAPITAL ONE AUTO FINANCING,
a Florida limited liability company,

    Defendant.

_____/

### AMENDED[1] VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, JUDY RALPH (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, CAPITAL ONE SERVICES, LLC, d/b/a CAPITAL ONE AUTO FINANCING (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

### JURISDICTION AND VENUE

1. This is an action for damages that exceeds $5,000.00 but is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statute,

---

[1] Plaintiff files this Amended Complaint pursuant to Florida Rules of Civil Procedure, Rule 1.190, because no responsive pleading has been filed.

1

Sections 559.77 and 26.012, as well as 47 United States Code, Section 227(b)(3).

3. At all material times herein, the conduct of Defendant, complained of below, occurred in Pinellas County, Florida.

4. At all times herein, Plaintiff is an individual residing in Pinellas County, Florida and is an alleged "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

5. Defendant is a limited liability company existing under the laws of the State of Florida that, itself and through its subsidiaries, regularly extends automobile financing to consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7. At all material times herein, Defendant attempts to collect a debt, specifically an alleged debt on a consumer automobile loan (hereinafter, "Debt").

8. At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.553; *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

9. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

10. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

11. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

12. Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 727.644.0406 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS") or an artificial or pre-recorded voice (hereinafter, "APV") and were made in willful and knowing violation of the TCPA.

13. Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number 727.644.0406.

14. On or about October 18, 2013, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter "Undersigned Counsel") for representation regarding Defendant's collection telephone calls for an alleged debt.

15. At no time herein did Defendant have Plaintiff's prior express consent to contact Plaintiff on her Cellular Telephone.

16. Further, Plaintiff has never had an account with Defendant; therefore, Plaintiff's prior express consent could have never existed as there has never been a relationship between the parties.

17. At no time herein did Plaintiff owe any debt to Defendant. Plaintiff has no account with Defendant.

18. Defendant attempted to collect another consumer's debt from Plaintiff.

19. On or about October 9, 2013, at approximately 5:56 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

20. The immediately-aforementioned call was placed from telephone number 800.955.6600 and was made in an attempt to collect the Debt.

21. On or about October 11, 2013, Plaintiff called telephone number 800.955.6600

back to inquire as to who was calling her Cellular Telephone.

22. On the immediately-aforementioned call, Plaintiff reached an automated voice stating it was Capital One Auto calling and then requesting she enter the last four digits of her account number. Plaintiff, however, had no account with Defendant and therefore could not enter an account number to speak with a person to request the telephone calls cease to her Cellular Telephone.

23. On or about October 11, 2013, at approximately 8:06 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

24. The immediately-aforementioned call was placed from telephone number 800.955.6600 and was made in an attempt to collect the Debt.

25. On or about October 12, 2013, at approximately 2:37 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

26. The immediately-aforementioned call was placed from telephone number 800.955.6600 and was made in an attempt to collect the Debt.

27. On or about October 12, 2013, Plaintiff again called telephone number 800.955.6600 back to attempt to stop the calls to her Cellular Telephone.

28. On the immediately-aforementioned call, Plaintiff was again informed by an automated voice that it was Capital One Auto calling and then requesting she enter the last four digits of her account number. Plaintiff, however, had no account with Defendant and therefore could not enter an account number to speak with a person to request the telephone calls cease to her Cellular Telephone.

29. On or about October 13, 2013, at approximately 4:31 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

30. The immediately-aforementioned call was placed from telephone number

800.955.6600 and was made in an attempt to collect the Debt.

31. On the above-referenced telephone call, Plaintiff answered the call and spoke with one of Defendant's female employees or representatives. Plaintiff requested that she identify who she was calling on behalf of, however, Defendant's employee or representative refused to answer Plaintiff's question.

32. Further, on the above-referenced telephone call, Plaintiff then requested to know who the caller was attempting to get in contact with, at which time Defendant's employee or representative told Plaintiff the name of the individual Defendant was attempting to contact.

33. Furthermore, Plaintiff then informed Defendant that she was not the person Defendant was attempting to contact, and that Plaintiff had no account with Defendant.

34. In response, Defendant's employee or representative advised Plaintiff she would take Plaintiff off their call list.

35. Despite Plaintiff having no account with Defendant and Plaintiff never giving her prior express consent to be contacted on her Cellular Telephone, Defendant continues to place auto-dialed calls to Plaintiff's Cellular Telephone in an attempt to collect the Debt directly from Plaintiff in violation of the FCCPA and TCPA.

36. Defendant's conduct, as described above, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under Federal and State law.

37. Given Defendant's conduct and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law.

38. Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

39. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory

damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter.

40. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

41. Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

42. At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

43. At all times herein, Defendant did not have Plaintiff's prior express consent to use an automatic dialing system or artificial or pre-recorded voice when calling Plaintiff's Cellular Telephone.

44. Defendant's telephone calls made to Plaintiff's cellular telephone using an automatic dialing system or an artificial or pre-recorded voice were made in willful and knowing violation of the TCPA.

45. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

46. Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

47. Specifically, Plaintiff did not owe any debt to Defendant, nor has Plaintiff ever had an account with Defendant.

48. Defendant, however, knowingly called Plaintiff's Cellular Telephone *at least* four (4) times in an attempt to collect the Debt, despite Defendant not having the legal right to collect the Debt from Plaintiff or to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

49. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO: UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTES, SECTION 559.72(15)

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

50. Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(15) by refusing to provide adequate identification of himself or herself or his or her employer or entity he or she represents or works for when asked to do so by Plaintiff.

51. Specifically, on or about October 13, 2013, at approximately 4:31 p.m. EST, when Defendant's employee or representative called Plaintiff's Cellular Telephone, Plaintiff requested that the caller identify herself and who she was calling on behalf of.

52. Defendant's employee or representative, however, refused to identify herself or who she was calling on behalf of.

53. As a direct and proximate result of Defendant's actions, Plaintiff has sustained

damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

54. Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

55. Specifically, despite lacking Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, Defendant used an ATDS, PTDS, or APV to call Plaintiff's Cellular Telephone *at least* four (4) times in its attempts to collect the Debt.

56. Further, Defendant lacked Plaintiff's prior express consent, which is evidenced by the fact that Plaintiff never had any account with Defendant nor was the person responsible of the Debt.

57. The phone calls made by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

## COUNT FOUR:
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further state as follows:

58. Unless the Defendant is immediately enjoined from continuing to attempt to collect the Debt from Plaintiff in violation of the FCCPA and TCPA, Plaintiff will suffer irreparable injury.

59. Plaintiff has no adequate remedy at law.

60. Plaintiff has a clear legal right to the protections of the FCCPA and TCPA.

61. Given Defendant's conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law. Plaintiff needs and is entitled to injunctive relief.

62. The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

a. Judgment against Defendant declaring that Defendant violated the FCCPA and the TCPA;

b. Judgment against Defendant enjoining Defendant from continued conduct that violates the FCCPA and the TCPA;

c. Judgment against Defendant for maximum statutory damages under the FCCPA, for violations committed by Defendant;

d. Judgment against Defendant for statutory damages in the amount of $1,500.00 for each of Defendant's calls to Plaintiff's Cellular Telephone that violated the TCPA;

e. An award of attorneys' fees and costs; and

f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence —paper or electronic documents or data— pertaining to this potential litigation as required by law.

                Respectfully submitted,

                **LEAVENLAW**

                */s/ Aaron M. Swift*
                ☐ **Ian R. Leavengood, Esq., FBN 0010167**
                [X] **Aaron M. Swift, Esq., FBN 0093088**
                ☐ **Sara J. Weiss, Esq., FBN 0115637**
                ☐ **Gregory H. Lercher, Esq., FBN 0106991**
                3900 First Street North, Suite 100
                St. Petersburg, FL 33703
                Phone: (727) 327-3328
                Fax: (727) 327-3305
                consumerservice@leavenlaw.com
                aswift@leavenlaw.com
                sweiss@leavenlaw.com
                glercher@leavenlaw.com
                *Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )
                        )
COUNTY OF PINELLAS      )

Plaintiff JUDY RALPH, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
JUDY RALPH

Subscribed and sworn to before me
this 5th day of JUNE, 2015.

_____
Notary Public

My Commission Expires: 2-25-19

FARZAANA N. STONE
MY COMMISSION # FF203870
EXPIRES February 25, 2019
(407) 398-0153  FloridaNotaryService.com

Proof of I.D.: PERSONALLY KNOWN

12